## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

HOLLY BARON,
     Plaintiff,

     v.

MUTUAL HOUSING ASSOCIATION
OF GREATER HARTFORD,
     Defendant.

No. 3:16-cv-01976 (SRU)

### ORDER TO SHOW CAUSE

On December 2, 2016, the defendant, Mutual Housing Association of Greater Hartford

("the Association"), removed to this court a complaint filed by the plaintiff, Holly Baron, in

Connecticut Superior Court. Baron's complaint alleges that the Association retaliated against her

in violation of section 31-51q of the Connecticut General Statutes. Although Baron's complaint

on its face raises no claim for violation of any federal law, the Association nevertheless contends

that I have federal question jurisdiction pursuant to 28 U.S.C. § 1331, because courts may look to

the First Amendment to the U.S. Constitution in assessing a claim under section 31-51q. *See*

*Bracey v. Board of Education*, 368 F.3d 108, 113–16 (2d Cir. 2004),

A plaintiff seeking relief under section 31-51q is not required to base her claim on a

violation of the First Amendment, however. The statute protects an employee against retaliation

for "the exercise . . . of rights guaranteed by the first amendment to the United States

Constitution *or* section 3, 4 or 14 of article first of the Constitution of the state." *See Kolpinski v.*

*Rushford Ctr.*, 2016 WL 3919798, at *3 (D. Conn. July 18, 2016) (quoting Conn. Gen. Stat. §

31-51q) (emphasis in *Kolpinski*). Thus, Baron "can base [her] claim on an underlying violation

of the U.S. Constitution, the Connecticut Constitution, or both." *Id.* If she "expressly disclaim[s]

any alleged infringement of h[er] First Amendment rights" and "ch[ooses] to seek protection

solely under the Connecticut Constitution," then I lack subject matter jurisdiction and must remand the instant case to state court. *Id.*

"The absence of subject matter jurisdiction is non-waivable," and upon removal of a case I must "assure [myself] that the case is properly within [my] subject matter jurisdiction." *United States v. Bond*, 762 F.3d 255, 263 (2d Cir. 2014). After examining Baron's complaint, Doc. No. 1-1, I cannot discern whether she intends to "base [her] claim on an underlying violation of the U.S. Constitution, the Connecticut Constitution, or both." *See Kolpinski*, 2016 WL 3919798, at *3. As a result, I cannot confirm that I have "power to hear [the] case." *See J.S. v. T'Katch*, 714 F.3d 99, 104 (2d Cir. 2013) (quoting *Morrison v. Nat'l Austl. Bank*, 561 U.S. 247, 254 (2010)).

To clarify whether subject matter jurisdiction exists in this case, I order Baron to file within two weeks an amended complaint or a notice on the docket that identifies the statutory basis of her claim. If she elects to sue only for a violation of rights protected by the Connecticut Constitution, then I will remand the case to Connecticut Superior Court.


So ordered.

Dated at Bridgeport, Connecticut, this 7th day of December 2016.


/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge